# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

INSIGHT KENTUCKY PARTNERS II, L.P.

                Plaintiff,

vs.

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT,

LOUISVILLE METRO COUNCIL

                Defendants.

Case No. 3:16-cv-625-CHB-CHL

## JOINT STATUS REPORT SUBMITTED
## PURSUANT TO COURT'S NOVEMBER 9, 2018 ORDER

Pursuant to the Court's November 9, 2018, Order (Dkt. No. 49) directing the parties to submit a joint status report seven days before the upcoming February 14, 2019, status conference, the parties state as follows:

**Insight Kentucky Partners II, L.P.'s ("Insight's") Position:**

In advance of the parties' upcoming status conference, Insight reminds the Court that, at the time of the last conference, the parties represented they had reached a resolution of the one remaining issue in dispute – the terms of a new "one-touch make-ready" ("OTMR") ordinance – and that all that remained before this matter could be finally resolved was for the draft ordinance to undergo a ministerial review process. In the parties' October 30, 2018, Joint Status Report (Dkt. No. 48) and during the November 6, 2018 status conference, counsel for Louisville/Jefferson County Metro Government and Louisville Metro Council ("Metro") indeed advised the Court the parties had reached agreement on the terms of an ordinance that would be adopted following a public comment period and vote by the Louisville Metro Council in early 2019. Dkt. No. 48 at 1-2.

-1-

While the agreed ordinance was put on public notice, the Council did not vote on it, and it has not been adopted as agreed. Instead, just this week, Metro has sought to renegotiate the terms of the agreed ordinance with Insight. On February 4, 2019, without warning or explanation, Metro sent Insight a substantially different draft ordinance that adopted positions fundamentally contrary to those negotiated by the parties. The new draft ordinance changed material terms that Insight and Metro had extensively negotiated and that Insight believed had been resolved.

Metro asserts that the changes to the draft ordinance were "[b]ased on the public comments submitted." That is misleading and inaccurate. A number of revisions are not supported by the public comments Metro received on the ordinance. But more generally, this entire dispute arose because Metro adopted one-sided ordinances at the behest of and to benefit Google Fiber Inc., and it appears the recent revisions to the ordinance were again made at the urging of Google. It is disingenuous for Metro to hide behind the administrative comment process to renege on a settlement agreement with Insight.

Given Metro's about-face and representations that it cannot really negotiate a resolution Insight can rely on, Insight no longer has confidence the parties can reach an informal resolution of this matter and doubts whether continued abeyance of the litigation is appropriate. Accordingly, Insight looks forward to discussing an appropriate path forward with the Court, including whether this case should be taken out of abeyance, whether the parties should propose a new case management order, and whether mediation before the Court is appropriate.

**Defendants Louisville/Jefferson County Metro Government and Louisville Metro Council's ("Louisville Metro's") Position:**

During the time in which this matter has been stayed, the parties have made substantial progress towards settlement. Plaintiff Insight Kentucky Partners II, L.P.'s ("Insight") Complaint

alleges various claims regarding disparate regulatory treatment with respect to the then-existing cable franchise provisions of the Louisville Metro Code of Ordinances and Insight's then-existing cable franchise agreement with Louisville Metro, as well as a challenge to the one-touch make-ready provisions in the Louisville Metro Code of Ordinances. All but Insight's one-touch make-ready claims have been resolved.

After notice and comment to the public, and revisions based on those comments, the Louisville Metro Council passed, and the Mayor signed, an ordinance amending the communications franchise provisions of the Louisville Metro Code of Ordinances.[1] That ordinance eliminated the cable franchise provisions of the Metro Code about which Insight complained in its Complaint. In addition, Louisville Metro Council granted Insight a new communications franchise agreement,[2] replacing the former cable franchise agreement about which Insight complained in its Complaint. This new franchise agreement has been accepted and signed by Insight and is now in effect. These developments resolve all of Insight's claims regarding alleged disparate regulatory treatment, as both the regulatory framework and franchise agreement referenced in Insight's Complaint have been eliminated and replaced. As a result of the changes to the communications franchise provisions of the Louisville Metro Code of Ordinances, there are no longer separate regulatory provisions that apply to a "Communication Service" compared to a "Cable Communications System." Similarly, Insight's allegations regarding the costs and burdens imposed by its cable franchise agreement are now moot because that agreement is no longer in effect and Insight has executed a new franchise agreement.

Thus, many of the counts in the Complaint have been resolved. Counts I and II relate exclusively to allegations regarding now-repealed provisions of the Louisville Metro Code of

---

[1] Lou. Metro Ord. No. 77-2018, approved May 29, 2018.
[2] O-269-18, approved Sept. 13, 2018.

-3-

Ordinances and Insight's previous franchise agreement that has been terminated and replaced. Counts V and IV (respectively alleging violations of 42 U.S.C. §§ 1983 and 1988, and seeking declaratory judgment under 28 U.S.C. §§ 2201 and 2202) pertain to both the alleged disparate regulatory treatment issue and the one-touch make-ready issue. For the reasons described above, all of the elements of these counts concerning disparate regulatory treatment have been mooted.

It remains the case, as noted in the Court's November 9, 2018, Order, that "only one item remain[s] to facilitate a final resolution of this matter" (Dkt. No. 49 at 1): the one-touch make-ready issue. The parties explained in the October 30, 2018, Joint Status Report that although they had reached agreement on a proposed terms for a new one-touch make-ready ordinance, that ordinance still "must go through the Louisville Metro Council's legislative process in order to become law." Dkt. No. 48 at 1. Neither the October 30, 2018 Joint Status Report, nor Louisville Metro's counsel, ever described the process as "ministerial," or that the proposed ordinance definitely "would be adopted." Rather, as the Joint Status Report stated, the parties could represent only a timeline within which the ordinance could be "considered for adoption by the Council" (Dkt. No. 48 at 1-2).

Ordinance No. O-469-18, setting forth the parties' proposed new one-touch make-ready process, was introduced on November 28, 2018. As was the case with the earlier ordinance amending the communications franchise provisions of the Metro Code, comment from interested parties was sought on Ordinance No. O-469-18. Part of the legislative process is a public comment process, and a public comment period on this matter was opened after the December 4, 2018 Public Works, Facilities, Transportation and Accessibility Committee meeting, and closed on January 4, 2019. Based on the public comments submitted, which were publicly available and made available to Insight, Louisville Metro is considering potential revisions to the proposed

terms of Ordinance No. O-469-18, and those potential revisions have been communicated to Insight. Although these potential revisions—which have not been formally introduced in Committee or otherwise, much less adopted—would change the ordinance as introduced, Louisville Metro must follow the regular, democratic process for considering public comment before deciding whether to enact changes to the Louisville Metro Code of Ordinances. Just as the normal procedural requirements for legislation to proceed through committee before being considered for adoption by the Council as a whole must be followed, so must the obligation for Louisville Metro to give due consideration to public comments, including comments from those not involved in this litigation.

Whether Ordinance No. O-469-18 will be adopted and, if so, will be adopted in its current, as-introduced form or amended, is ultimately a decision for the Metro Council. Louisville Metro believes that the parties may still be able to reach agreement on the one-touch make-ready issue. If they do, completion of the Council approval process would likely take another month. But any changes to the current one-touch make-ready provisions in the Louisville Metro Code (regardless of whether Insight believes they resolve its claims) would require Insight to amend its Complaint, which is based on the current one-touch make-ready provisions. And in any event, Insight will have to substantially amend and narrow its Complaint, which contains now-moot claims related to the now-repealed cable franchise provisions of the Louisville Metro Code and to a now-terminated and superseded franchise agreement between the parties.

Defendants therefore believe that the Court should schedule another status conference for March 14, 2019, with the parties required to submit a status report by March 7, 2019, either

stating that settlement has been reached or is imminent, or proposing a new case management order for resuming and completing this case.

Respectfully submitted,

| | |
|---|---|
| Date:  February 7, 2019 | Date:  February 7, 2019 |
| */s/ Tillman L. Lay* | /s/ *Paul A. Werner* (w/ permission) |
| Tillman L. Lay* | |
| Peter J. Hopkins* | Michael W. Oyler |
| SPIEGEL & MCDIARMID LLP | Trevor L. Earl |
| 1875 Eye Street NW, Suite 700 | REED WEITKAMP SCHELL & VICE |
| Washington, D.C. 20006 | PLLC |
| (202) 879-4000 | 500 West Jefferson Street, Suite 2400 |
| tim.lay@spiegelmcd.com | Louisville, KY  40202 |
| peter.hopkins@spiegelmcd.com | Telephone: (502) 589-1000 |
| | Facsimile: (502) 562-2200 |
| Michael J. O'Connell | moyler@rwsvlaw.com |
| Jefferson County Attorney | tearl@rwsvlaw.com |
| | |
| Matthew J. Golden | Gardner F. Gillespie* |
| Director, Civil Division | Paul A. Werner* |
| 531 Court Place, Suite 900 | J. Aaron George* |
| Louisville, KY 40202 | SHEPPARD, MULLIN, RICHTER & |
| (502) 574-6333 | HAMPTON LLP |
| matt.golden@louisvilleky.gov | 2099 Pennsylvania Avenue, NW, Suite 100 |
| | Washington, DC 20006 |
| *admitted to practice *pro hac vice* | Telephone: (202) 747-1900 |
| | Facsimile: (202) 747-1901 |
| ***Counsel for Louisville/Jefferson*** | ggillespie@sheppardmullin.com |
| ***County Metro Government and*** | pwerner@sheppardmullin.com |
| ***Louisville Metro Council*** | ageorge@sheppardmullin.com |
| | |
| | *admitted to practice pro hac vice |
| | |
| | ***Counsel for Insight Kentucky Partners II, L.P.*** |

-1-

## CERTIFICATE OF SERVICE

On February 7, 2019, I electronically filed this document through the ECF system, which will send a notice of electronic filing to the attorneys of record.

*/s/ Tillman L. Lay*
Tillman L. Lay